John D. Titus (#012912)
Bradley P. Hartman (#017263)
**HARTMAN TITUS PLC**
7114 E. Stetson Drive, Suite 205
Scottsdale, AZ  85251-3250
Phone: (480) 659-0019
Fax: (480) 659-3304
Email: JTitus@HartmanTitus.com
       Docket@HartmanTitus.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BEST GLASS, INC., an Arizona Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GLASS TEX ENTERPRISES LLC, a Texas Limited Liability Company; BLUEHOST, INC. a Utah corporation; JOHN BUTZ, a citizen of Texas; REED A. JOHNSON, a citizen of Texas; Does 1-10, <br><br> Defendants. | No. <br><br><br> **COMPLAINT** <br> (Copyright Infringement) |

For its complaint against Defendants, Plaintiff Best Glass, Inc. (Best Glass) avers as follows:

## JURISDICTIONAL ALLEGATIONS

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

1

2. This Court has personal jurisdiction pursuant to the Arizona Long Arm Statute (Rule 4.2(a) Ariz. R. Civ. P.) *inter alia* because Defendants have engaged in willful copyright infringement against Plaintiff, who is domiciled in Arizona, and therefore Defendants have (1) committed an intentional act, (2) expressly aimed at the Arizona, (3) causing harm that the Defendants know is likely to be suffered by Plaintiff in Arizona.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400.

## THE PARTIES

4. Plaintiff Best Glass, Inc. is an Arizona Corporation having a business address at 5049 N. 7th Ave. Phoenix, AZ 85013.

5. On information and belief, Defendant Glass Tex Enterprises, Inc. (Glass Tex) is a Texas limited liability company having an address at 200 E Main Street, Tomball, TX 77375.

6. On information and belief, Defendant Bluehost, Inc. (Bluehost) is a Utah corporation having an address at 1958 South 950 East, Provo, UT 84606. Defendant Bluehost does business as "hostmonster.com" among other names. At all times relevant hereto, Bluehost was the internet service provider for Defendant Glass Tex.

7. On information and belief, Defendant John Butz (Butz) is a citizen of Texas having an address at 203 Southmore Street, Tomball, TX 77375 and is a director or manager of Defendant Glass Tex.

2

8. On information and belief, Defendant Reed A. Johnson (Johnson) is a citizen of Texas having an address at 203 Southmore Street, Tomball, TX 77375 and is a director or manager of Defendant Glass Tex and/or is acting in concert with Defendant Butz.

9. Defendants Does 1-10 are persons or entities, currently unknown to Plaintiff, working with or acting in concert with the named Defendants to facilitate their copyright infringement, and who also are profiting from that infringement. Plaintiffs will provide the identities of defendants Does 1-10 in an amended complaint, as warranted, after plaintiffs are able to obtain additional information and determine their identities.

## FACTUAL ALLEGATIONS

10. Plaintiff Best Glass, Inc. has for many years been a leader in the field custom glass fabrications and installation.  Since founding Best Glass, Inc, Plaintiff's founder Bob Hittenberger has spent countless hours drafting literature designed to inform the public about the origins, applicable building codes, manufacturing methods, installation methods, and to provide other information regarding the various types of glass available today.  The body work comprising Mr. Hittenberger's writings was duly registered with the United States Copyright Office as a work-for hire by Mr. Hittenberger and was given registration no. TX-7553-055 (the Work).  Plaintiff Best Glass currently owns all right title and interest in and to the Work.

11. In or about January 2013, Plaintiff became aware of the fact that Defendant Glass Tex was infringing the Work, by using the copyrighted text on its website <www.glass-tex.com> (the Website), for example web pages appearing at the following URLs:

http://www.glass-texas.com/residential-services/shower-enclosures/

http://www.glass-texas.com/residential-services/table-tops-shelves/

http://www.glass-texas.com/residential-services/mirrors/

http://www.glass-texas.com/commercial-services/storefronts/

http://www.glass-texas.com/residential-services/decorative-glass/

http://www.glass-texas.com/residential-services/safety-glass/

Include text that is virtually identical to the copyrighted text of registration no. TX-7553-055, authorized versions of which appear at the following URLs:

http://www.bestglass.com/shower-doors.html

http://www.bestglass.com/Table-Tops.html

http://www.bestglass.com/mirrors.html

http://www.bestglass.com/storefront-glass.html

http://www.bestglass.com/Pattern-Glass.html

http://www.bestglass.com/Laminated-and-Tempered-Safety-Glass.html

Copies of the aforementioned web pages are attached hereto as Exhibit **A**.

12. In an attempt to stop this blatant plagiarism, by letter dated January 31, 2013 Plaintiff demanded that Defendant Glass Tex cease and desist acts of infringement against Plaintiff Best Glass. A true and correct copy of the January 31, 2103 letter is attached hereto as Exhibit **B**.

13. The aforementioned letter was transmitted via First Class Mail to the business address of Glass Tex and to the e-mail address of Defendant Johnson.

14. Defendant Johnson indicated that he would forward the e-mailed letter to Defendant Butz. A true and correct copy of Defendant Johnson's response is attached hereto as Exhibit **C.**

15. Approximately 6 weeks passed with no action taken by Defendants to disable access to the infringing web pages or to remove the infringing material from the Website. Accordingly, by letter dated March 12, 2013, Plaintiff sent a DMCA takedown notice to the DMCA agent for Defendant Bluehost. A true and correct copy of the DMCA takedown notice is attached hereto as Exhibit **D**.

16. On or about March 12, 2013, Defendant Bluehost (doing business as hostmonster.com) responded that in response to the DMCA takedown notice it had merely "requested" violation be removed. A true and correct copy of the aforementioned response is attached hereto as Exhibit **E**. On information and belief, Defendant Bluehost did not take any further steps to remove or disable access to the infringing material.

17. On or about March 18, 2013, Defendant Bluehost again responded, "We have contacted the owner and have requested the violation be removed, or we have removed the offending website." A true and correct copy of the aforementioned response is attached hereto as Exhibit **F.** On information and belief, Defendant Bluehost did not take any further steps to remove or disable access to the infringing material on the Website

18. As of March 18, 2013 the Website had not been altered to remove the infringing material, neither had access to the Website been disabled.

19. As of the date hereof, the infringement was continuing.

COUNT I
(Direct Infringement of Copyright)
Defendants Glass Tex, Butz and Johnson

20. Plaintiff hereby incorporate the averments of paragraphs 1-19 as if fully set forth herein.

21. Plaintiff has duly registered the Work with the United States Copyright Office and at all times relevant hereto owns or controls all rights to the Work.

22. Without authorization from plaintiff, or right under law, Defendant Glass Tex has unlawfully made copies of the Work and have unlawfully displayed the work in violation of the Copyright Act, 17 U.S.C. § 106.

23. Defendants Butz and/or Johnson are personally liable for the infringing acts of Defendant Glass Tex because each personally directed, participated in, and benefited from, Glass Tex's infringing conduct as alleged herein.

24. Defendants Does 1-10 are likewise liable under the Copyright Act for the acts of infringement identified above for acting in concert with defendant Glass Tex and/or for infringing reproductions and distributions of Plaintiffs' copyrighted works separately committed by defendants Does 1-10.

25. The foregoing acts of infringement by defendants have been willful, intentional and purposeful, in disregard of Plaintiffs' rights.

26. As a direct and proximate result of Defendants' infringement of Plaintiffs' exclusive rights under copyright law, Plaintiffs are entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

27. Alternatively, plaintiffs are entitled to the maximum statutory damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

28. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

29. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of its copyrights.

## COUNT II
(Indirect Infringement of Copyright)

Defendant Bluehost

30. Plaintiff hereby incorporate the averments of paragraphs 1-29 as if fully set forth herein.

31. By providing internet services to Defendant Glass Tex, Defendant Bluehost has materially contributed to the infringing activity of Defendant Glass Tex.

32. Bluehost failed to act expeditiously to remove or disable access to the infringing material after receiving notice from Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against all defendants as follows:

A. For a preliminary and permanent injunction enjoining defendants and their respective officers, agents, and all persons in active concert or participation with each or any of them, from committing, encouraging, aiding, enabling, inducing, or otherwise facilitating the unauthorized reproduction, distribution or display of copies of plaintiff's copyrighted work;

B. For all damages to which plaintiff may be entitled, including defendants' profits, in such amounts as may be found.  Alternatively, at plaintiffs' election, for statutory damages in the maximum amount allowed by law;

C. For prejudgment interest according to law; and

D. For plaintiffs' attorneys' fees, and costs incurred in this action.

//

//

DATED Monday, April 29, 2013.

**HARTMAN TITUS PLC**

By: s/ John D. Titus
John D. Titus
7114 E. Stetson Drive, Suite 205
Scottsdale, Arizona 85251-3250
Attorneys for Plaintiff